HENNESSY REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WHITECOURT CONSTRUCTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GREYCOURT REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 45328, 45329, 45333. Promulgated May 31, 1932.

*Louis Gosswein, Esq.*, for the petitioners.
*P. A. Bayer, Esq.*, for the respondent.

198

OPINION.

Arundell: As stated above, the question for decision is whether the 1923 net loss of the 46 West 83rd Street Corporation may be deducted in computing consolidated net income for 1924 and 1925. The salient facts of the stipulation are that the three corporations in existence in 1923 filed separate returns for that year; that in 1924 and 1925 the stock of all four corporations was owned by the same interests, and for those years consolidated returns were filed. In this situation it must be held, following *Woolford Realty Co.* v. *Rose*, 286 U. S. 319, that the net loss of the 46 West 83rd Street Corporation for 1923 may not be deducted in computing consolidated income for the subsequent years.

At the hearing counsel for the respondent conceded the possibility of error in making no allowance for the 1923 net loss of the 46 West 83rd Street Corporation based on its own net income in subsequent years. See *Swift & Co.* v. *United States*, 38 Fed. (2d) 365; *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436. The parties were agreed that this matter could be settled by stipulation and for this purpose the proceedings will be left open for settlement under Rule 50.

*Decision will be entered under Rule 50.*